**THE COLLINS LAW FIRM, PLLC**
1910 S. STAPLEY DR., SUITE 221
MESA, ARIZONA 85204
Telephone (480) 720-3241
Facsimile (480) 325-3428
ecollins@thecollinslaw.com

Ernest Collins Jr. #017976

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ARIZONA**

| | |
|---|---|
| NADIA DRAKE, an unmarried woman,<br><br>Plaintiff,<br><br>v.<br><br>SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, a federally recognized Indian Tribe, d/b/a TALKING STICK RESORT AND CASINO,<br><br>Defendant. | Civil Action No.<br><br><br>**COMPLAINT** |

Plaintiff, Nadia Drake, for her cause of action against the Defendant, alleges the following:

## GENERAL ALLEGATIONS

1. Plaintiff, Nadia Drake was a resident of Maricopa County, Arizona at the time of the incident.

2. Defendant Salt River Pima-Maricopa Indian Community is a federally recognized Indian Tribe doing business in Maricopa County Arizona as Talking Stick Resort and Casino.

3. The acts or omissions complained of occurred within Maricopa County, Arizona.

4. The amount in controversy exceeds the minimal jurisdictional limits of this court.

1

5. On or about July 20, 2018, Nadia Drake and Ronald Willoughby were to be guests at Talking Stick Resort and Casino.

6. They booked a room through hotels.com for Friday, July 20, 2018.

7. After checking in, Sarah Garrison, who represented herself to be a supervisor for the resort, and several other Casino Arizona/Talking Stick Resort employees violated the Americans with Disability Act ("ADA") by denying Nadia Drake's service dog from the premises and demanded that they leave.

8. Nadia Drake and Ronald Willoughby both provided information to Defendant that the Service Dog Barkley complied with the ADA and offered to provide proof of his compliance which was in their bags.

9. Defendant's employees refused to allow Plaintiff or Mr. Willoughby to retrieve the proof of Barkley's service credentials and escalated the confrontation with Plaintiff.

10. Barkley is registered as a Service Dog Service Animal Registry Number USSAR3888695745. (See attached)

11. Nadia Drake who suffers from severe anxiety, PTSD and severe panic attacks, began to have a panic attack due to the confrontation initiated and escalated by Defendant's employees.

12. Defendant's employees refused to de-escalate the situation or offer aid to Ms. Drake.

13. Defendant's employees refused to allow Nadia Drake to retrieve her bags so she could take her medication.

14. Defendant's employees refused to allow Plaintiff to retrieve their bags to provide proof of Barkley's service credentials.

15. Defendant's employees turned off Ms. Drake's room phone so she couldn't call 911 or for her bags to retrieve her medication.

16. Defendant's employees contacted the police to further escalate the situation, causing further panic to Ms. Drake.

17. Finally, Ms. Drake could no longer take the threats of removal and arrest by Defendant's employees and voluntarily left Talking Stick Resort and Casino.

18. As a result of Defendant's actions, Plaintiff suffered damages.

**COUNT I- VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")**

19. Plaintiff hereby incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20. Nadia Drake filed a complaint with the Civil Rights Division of the United States Justice Department.

21. Under the ADA, all areas of a facility where the public is normally allowed to go must allow service animals to accompany people with disabilities.

22. As a facility that serve the public, Talking Stick Resort and Casino is required to permit service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.

23. Defendant refused to accept the information that Barkley, Nadia's service dog, was trained to sense an anxiety/panic attack was about to happen or when one was happening that he

would take specific action to apply pressure to Ms. Drake to calm her to avoid or lessen the panic/anxiety attack.

24. Defendant refused to allow Plaintiffs to retrieve their bags to provide proof of Barkley's service credentials.

25. Ultimately, Defendant forced Plaintiffs to leave Talking Stick Resort and Casino in violation of the ADA.

26. Defendants' employee's negligent actions were within the course and scope of their employment for Defendants and, as such, fall within the doctrine of *respondeat superior* thereby making Defendants liable for Defendants' employee's violation of the ADA.

27. As a direct and proximate result of Defendants' violation of the ADA, Plaintiffs suffered a serious panic attack, was forced to incur medical expenses, was humiliated, embarrassed and shamed for having a disability and may be forced to incur future medical expenses.

28. As a further direct and proximate result of Defendants' violation of the ADA, Plaintiffs endured mental and emotional upset to her life and day-to-day activities, as well as loss of income.

29. As a result of Defendant's violation of the ADA, Plaintiff suffered damages to be determined at trial.

**COUNT TWO- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30. Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Defendant's act of rejecting her service dog, refusing to permit her to provide proof and escalating a confrontation with her, knowing she suffered from a disability was intentional or reckless and extreme and outrageous act that has caused Plaintiff to suffer severe emotional distress and possible bodily harm.

32. As a result of Defendant's intentional or reckless, extreme and outrageous conduct, Plaintiff is entitled to monetary damages.

## COUNT THREE- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiffs allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Defendant's act of rejecting her service dog, refusing to permit her to provide proof and escalating a confrontation with her, knowing she suffered from a disability was negligent and extreme and an outrageous act that has caused Plaintiff to suffer severe emotional distress and potential bodily harm.

35. As a result of Defendant's negligent, extreme and outrageous conduct, Plaintiff is entitled to damages.

## COUNT FOUR- PUNITIVE DAMAGES

36. Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Defendant's conduct of threatening to remove her and her service dog by use of force and with police, was done with the intent to cause injury and damage to Plaintiff.

38. Defendant was motivated by spite and/or ill will.

39. Defendant acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiff.

40. Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

41. As a result of Defendant's conduct, and in order to punish and/or deter others from similar conduct in the future, Defendant is liable for punitive damages to Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for such sum of money within the jurisdiction of the Court and for full and complete compensation, for general and special damages, for the losses that Plaintiff has sustained in this matter, and for such other and further relief as the Court or jury may deem just and proper in this matter.

DATED this 8th day of May, 2019

THE COLLINS LAW FIRM, PLLC

_____
Ernest Collins, Jr.
Attorney for Plaintiff