Caroline Larsen, SBN 022547
Justin B. Caresia, SBN 034007
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., #00504800
2415 E. Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
caroline.larsen@ogletree.com
justin.caresia@ogletree.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nadia Drake, an unmarried woman,<br><br>Plaintiff,<br><br>v.<br><br>Salt River Pima-Maricopa Indian Community, a federally recognized Indian Tribe, d/b/a Talking Stick Resort and Casino,<br><br>Defendant. | No. CV-19-02957-PHX-DLR<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant Salt River Pima-Maricopa Indian Community ("SRPMIC") enters a limited appearance to move the Court to dismiss Plaintiff's complaint for insufficient service of process, lack of personal jurisdiction, and lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(1), 12(b)(2), and 12(b)(5). Plaintiff first attempted to serve SRPMIC by leaving the summons and complaint at undersigned counsel's office, despite being advised that SRPMIC has not authorized its outside counsel to accept service on its behalf. Plaintiff then mailed copies of the summons and complaint to an incorrectly-identified entity. None of these efforts constitutes sufficient service under the Rules of Civil Procedure or the SRPMIC's Rules of Civil Procedure.

Plaintiff failed to properly serve the summons and complaint upon SRPMIC within the time permitted by Rule 4(m); therefore, this Court lacks personal jurisdiction over SRPMIC and this case should be dismissed for insufficient service of process.[1]

Furthermore, even if Plaintiff had timely served the summons and complaint, this Court lacks subject-matter jurisdiction over this action. As an Indian tribe, SRMPIC is a domestic dependent nation that exercises inherent sovereign authority over its members and territories. Pursuant to federal law, SRPMIC retains sovereign immunity from suit absent either an explicit waiver of immunity or express authorization of the suit by Congress. Neither of these exceptions apply here; thus, this Court lacks subject-matter jurisdiction and should dismiss this case.

This Motion is supported by the following Memorandum of Points and Authorities, SRPMIC's Motion to Set Aside Clerk's Entry of Default filed concurrently herewith, all pleadings and papers on file in this action, and such matters as may be introduced at any hearing on this Motion.

**MEMORANDUM AND POINTS OF AUTHORITIES**

**I.   Procedural Background**

On May 9, 2019, Plaintiff filed a complaint against SRPMIC alleging: (1) violation of Title III the Americans with Disabilities Act; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) punitive damages. Doc. 1. The Court issued a summons to SRPMIC's President of Tribal Counsel (sic) the same day. Doc. 6.[2] More than sixty days passed and Plaintiff had not filed any proof of service; thus, on July 12, 2019, the Court issued an Order stating that Plaintiff's case would be dismissed

---

[1] Plaintiff filed an Application for Default (Doc. 11), based upon these invalid service efforts on August 21, 2019. The Clerk entered default on August 22. Doc. 13. SRPMIC has filed a separate Motion to Set Aside Clerk's Entry of Default.

[2] Even if the summons had been properly served, which it was not, it was issued to a non-existent entity. Plaintiff may have intended to direct the summons to the President of the Salt River Pima-Maricopa Indian Community, a member of the Tribal Council.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016

if she did not have the summons and complaint served on SRPMIC and file proof of service by August 12. Doc. 8.

On or around May 9, 2019, Christine Burke, a private process server, visited the office of undersigned counsel to attempt to serve the summons and complaint. The receptionist at undersigned counsel's office advised Ms. Burke that she could not accept service of any documents. On May 13, 2019, Ms. Burke emailed undersigned counsel to confirm if she was still counsel of record for SRPMIC. *See* Affidavit of Caroline Larsen, attached as Exhibit A to SRPMIC's Motion to Set Aside Clerk's Entry of Default at ¶ 5. Before receiving a response, on May 15, Ms. Burke again visited undersigned counsel's office and left a copy of the complaint and summons with the receptionist. The same day, counsel emailed Ms. Burke to advise that counsel is not SRPMIC's statutory agent and is not authorized to accept service on SRPMIC's behalf. *Id.* ¶ 6. Counsel explained that Ms. Burke would need to serve SRPMIC directly, and asked if Ms. Burke would like to retrieve the complaint and summons. *Id.* Ms. Burke responded that she did not need to pick up the complaint and summons. *Id.*

Despite defense counsel's clear communication that she was not authorized to accept service of process of behalf of SRPMIC, Ms. Burke completed a Proof of Service dated May 15, 2019, stating that she had served the summons on SRPMIC by leaving it at the front desk of undersigned counsel's office. Doc. 9. On August 8, 2019, Plaintiff filed the Proof of Service with the Court, along with a second Proof of Service completed by Ms. Burke, which stated that she mailed the summons to SRPMIC via certified mail on July 29, 2019. Doc. 9. Plaintiff also filed a third Proof of Service indicating that Plaintiff's counsel attempted to serve the summons by mailing it via priority mail on August 8, 2019, and stated, "After multiple attempts to serve using a process server, and incurring multiple fees, I decided to send the docs myself." Doc. 9. The Proof of Service does not contain any indication that the summons purportedly mailed on July 29 and August 8 were, in fact, received by SRPMIC. *Id.*

3

On August 14, 2019, undersigned counsel advised Plaintiff's counsel that none of the three Proofs of Service filed with the Court on August 8 reflected valid service upon SRPMIC because counsel was not authorized to accept service on behalf of SRPMIC, service by mail is not proper service under the Federal Rules of Civil Procedure, and neither Plaintiff's counsel nor his private process server had petitioned the SRPMIC for permission to effectuate service on its tribal land, as required by the SRPMIC's Rules of Civil Procedure. *See* Exhibit A to SRPMIC's Motion to Set Aside Clerk's Entry of Default at ¶ 5. Defense counsel also requested that Plaintiff file a notice of errata advising the Court that service had not been effected and either properly serve the complaint and summons, or dismiss the action. *Id.* at ¶ 8. Plaintiff's counsel did not respond to this correspondence, did not file a notice of errata, and did not attempt to properly serve the complaint and summons on SRPMIC. Instead, on August 21, Plaintiff filed an Application for Default. Doc. 11. On August 22, the Clerk of Court entered default against SRPMIC, based upon Plaintiff's misleading Proof of Service. Doc. 13.

## II. Plaintiff's service efforts did not constitute valid service under the Federal Rules or the Community's Rules of Civil Procedure.

None of Plaintiff's three attempts at service was valid or compliant with the Federal Rules of Civil Procedure or SRPMIC's Rules of Civil Procedure. First, Plaintiff did not complete service in any manner that would have been valid upon a corporation or other entity under the Federal Rules of Civil Procedure 4(h), *i.e.*, delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized to receive service of process, or requesting a waiver of service. *See* Fed. R. Civ. P. 4(d), 4(h). Furthermore, because SRPMIC is a sovereign nation, Plaintiff must comply with SRPMIC's Rules of Civil Procedure to effect valid service. Plaintiff did not petition SRPMIC for permission to effect service on its tribal land, as required by the SRPMIC's Rules. Accordingly, SRPMIC has never been served, and this action should be dismissed.

Plaintiff's process server first attempted to serve the complaint and summons by leaving copies at the office of undersigned counsel, despite being advised that counsel is

4

not authorized to accept service. SRPMIC never authorized undersigned counsel to accept service of process in this, or any other, legal action. *See* Exhibit A at ¶ 4. "[A]n attorney will not be deemed an appointee for service of a lawsuit on behalf of his client simply by virtue of his role as an attorney." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1226 (D. Minn. 2009) (internal alterations and citations omitted). In *Semler*, the plaintiff attempted to effect service by leaving a summons and complaint at the desk of the receptionist for defendant's counsel. *Id.* Defendant's counsel submitted an affidavit stating that he was never authorized to accept service on behalf of the defendant. *Id.* The court noted, "[a]lthough authority to accept process need not be explicit, it must either be express or implied from the type of relationship that has been established between the defendant and the alleged agent." *Id.* (citations omitted); *see also* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1097, at 537 (3d ed. 2002). The court found no basis to conclude that defendant's counsel, or any other person at his law firm, was impliedly authorized to accept service of process on behalf of the defendant; thus, the plaintiff had failed to effect service of process on the defendant in a manner recognized by the Federal Rules. *Id.* at 1226-27; *accord Brown v. Our Lady of Lourdes Med. Ctr.*, 767 F. Supp. 618, 622 (D.N.J. 1991), *aff'd*, 961 F.2d 207 (3d Cir. 1992) (affirming magistrate judge's denial of plaintiff's motion to compel defendants' counsel to accept service of process for defendants and holding that plaintiff must comply with requirements of Rule 4 even when doing so was inconvenient and time consuming). Plaintiff's attempt to serve SRPMIC by leaving a copy of the complaint and summons at the office of undersigned counsel was ineffective and invalid.

Presumably, Plaintiff's process server realized that leaving a copy of the complaint and summons at the office of undersigned counsel did not constitute effective service, because more than two months later, she attempted to serve the complaint and summons by mailing them to SRPMIC. Plaintiff's counsel clearly realized that neither of the service efforts undertaken by his process server was ineffective, because he later mailed the complaint and summons to SRPMIC himself, noting that his process server had made "multiple attempts to serve" the documents. Doc. 9. Nothing in the Federal Rules; however,

5

permits a plaintiff to serve a federally-recognized sovereign tribe by mail. In fact, Plaintiff made no attempt to serve SRPMIC directly, except for mailing copies of the summons and complaint to a non-existent entity, the "President of Tribal Counsel." *See* Doc. 6. In addition to Plaintiff's failure to serve the complaint and summons as required by the Federal Rules, Plaintiff also disregarded the specific procedures for completing service of process within the Community, as set forth in the SRPMIC Rules of Civil Procedure.

> Rule 5-13 Service of Process
>
> (c) Service by Personal Service
>
> (1) Community Court process servers exclusively perform service of process within the Community. Only Community Process Servers and Clerks under the direction of the Court Administrator are authorized and permitted to carry out service of process of the summons and complaint. Non-Community process servers licensed and regulated by the Supreme Court of Arizona are not authorized to conduct service of process within the Community, unless expressly authorized by the Community Council.
>
> (2) The Community Process Servers and Clerks may serve non-Community documents within the Community only upon Court approval of a petition for comity.

Salt River Pima-Maricopa Indian Community R. Civ. P. 5-13(c)(1)-(2).

Thus, only specifically identified process servers and clerks are allowed to serve process upon SRPMIC's sovereign land. Neither the private process server retained by Plaintiff, nor Plaintiff's counsel, petitioned SRPMIC for authorization to serve process within the Community, nor did they petition SRPMIC for Comity of Service to permit a Community Process Server or Clerk to serve the complaint and summons, which are non-Community documents, within the Community. Therefore, valid service was never completed, as it was not effectuated as required by the Rules.

**III.    The Court should dismiss this action in light of Plaintiff's failure to serve the summons and complaint on SRPMIC.**

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros.*, 526 U.S. at 350; *see also S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."). While Plaintiff filed three different Proofs of Service (Doc. 9), each of them reflect on their face that valid service was not completed. *See Mach 1 Air Servs., Inc. v. Mainfreight, Inc.*, No. CV-14-01444-PHX-SPL, 2015 WL 11181334, at *3 (D. Ariz. Mar. 5, 2015) (proof of service may constitute prima facie evidence of actual service, not proper service).

Despite this Court's clear warning that Plaintiff needed to complete timely service, as explained above, Plaintiff failed to complete valid and timely service in accordance with Rule 4(m), which provides:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff failed to effect service of the Complaint within 90 days of filing, and made no showing of good cause why the Court should extend the time for service before the deadline to complete service expired. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital*, 484 U.S. at 104. This procedural requirement has not been met here; therefore, this Court should dismiss this case.

7

Rule 4(m) "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (citations omitted). "The rule places the burden of showing good cause for failure to meet the [90] day deadline upon the party on whose behalf service was required." *Id.* "When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Here, there is no justification for Plaintiff's failure to timely serve SRPMIC with the complaint and summons. If Plaintiff had good cause to extend the time for service, she should have moved to enlarge the time, pursuant to Rules 4(m) and 6(b)(1), before the 90-day deadline lapsed. *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 527 (M.D.Pa. 2010) ("Plaintiffs did not move for an enlargement of time to serve in this matter until after 120 days following the filing of their complaint. Generally, . . . a plaintiff must move for an extension before the expiration of this 120 day period."). In *Gonzalez*, the court found that, because plaintiffs failed to move for an extension of time to serve until more than six weeks after the deadline for service ran, they failed the satisfy a necessary prong of the good cause analysis. *Id.*

Establishing good cause to extend the deadline to complete service necessitates a showing of why a plaintiff failed to complete service within the time constraints. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (citation omitted). "[G]ood cause is not an easy standard for a plaintiff to meet." *Gonzalez*, 268 F.R.D. at 527. Plaintiff cannot show that good cause existed to extend the time allowed for service based merely on her own negligence or inadvertence. *See Traina v. U.S.*, 911 F.2d 1155, 1157 (5th Cir. 1990) (holding that trial court did not abuse its discretion in dismissing suit for lack of service and finding that plaintiff's inadvertence or mistake in perfecting service did not constitute excusable neglect and did not establish good cause to extend time for service).

Notably, regardless of whether Plaintiff's delay in effecting service might significantly affect SRPMIC's ability to defend this case on the merits, "a lack of prejudice to the defendant is not enough by itself to support an extension for good cause." *Gonzalez*,

8

268 F.R.D. at 527 (finding that delay of a few months may not grossly affect defendant's ability to defend case on its merits, however, lack of prejudice to defendant was not enough by itself to support extension for good cause) (citation omitted); *accord Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661 (D.Md. 1986) ("[A] showing that defendants have not been prejudiced by a delay in service does not appear to aid plaintiff to avoid a timeliness bar under Rule 4(j).").

In enacting Rule 4(m) to require service of a complaint with 90 days of filing, "Congress balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits." *Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 321 (9th Cir. 1987) (affirming district court's denial of plaintiff's motion for enlargement of time and granting of defendants' motion to dismiss). "By providing that district courts 'shall' dismiss a complaint served over [90] days after its filing unless good cause for untimely service has been shown, Congress mandated dismissal under the circumstances present in this case." *Id.* (citation omitted)*; see also Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *Quann*, 112 F.R.D. at 659 (citing legislative history concerning the 1982 amendments to Rule 4 for principle that action should be dismissed without prejudice if plaintiff has not been diligent in his efforts to serve defendant).

In this case, Plaintiff made no attempt to serve SRPMIC directly, except for mailing copies of the summons and complaint. On May 15, 2019, almost three months before the deadline that the Court set to dismiss the case if Plaintiff did not complete service and file proof of service with the Clerk, undersigned counsel advised Plaintiff's process server that she could not accept service on behalf of SRPMIC. Exhibit A at ¶ 6. On August 14, undersigned counsel advised Plaintiff's counsel that none of the three Proofs of Service that Plaintiff filed with the Court on August 8 reflected valid service upon SRPMIC. *Id.* at ¶ 7. Undersigned counsel also requested that Plaintiff file a notice of errata advising the Court that service had not been effected and either properly serve the complaint and

9

summons, or dismiss the action. *Id.* at ¶ 8.[3] Plaintiff's counsel never responded to this correspondence, did not file a notice of errata, and did not attempt to properly serve the complaint and summons on SRPMIC. Instead, just days later, Plaintiff filed an Application for Default, relying on the invalid Proofs of Service. Doc. 11. To date, valid service has never been made upon SRPMIC, and the time for Plaintiff to do so has passed.

For all of the above-stated reasons, Plaintiff's claims against SRPMIC should be dismissed for insufficient service of process, pursuant to Rules 12(b)(2) and 12(b)(5).

### IV. All of Plaintiff's claims must be dismissed for lack of subject-matter jurisdiction.

Even if Plaintiff had effectively completed service in the time permitted by Rule 4(m), the Court still must dismiss this action for lack of subject-matter jurisdiction. As Plaintiff concedes in the complaint, SRPMIC is a federally-recognized Indian tribe. Doc. 1 at ¶ 2. The complaint asserts three substantive claims: (1) violation of Title III the Americans with Disabilities Act ("ADA"); (2) intentional infliction of emotional distress; and (3) negligent infliction of emotional distress. *Id.* at ¶¶ 19-35. The fourth "count" is a demand for punitive damages. *Id.* at ¶¶ 36-41. The complaint fails to identify the basis for this Court's subject-matter jurisdiction; however, the accompanying Civil Cover Sheet states the basis of jurisdiction is "federal question," presumably a reference to 28 U.S.C. § 1331. Plaintiff similarly fails to identify any basis for this Court to exercise jurisdiction over her state law claims for emotional distress.

As an Indian tribe, SRPMIC is a "domestic dependent nation' that exercises inherent sovereign authority over its members and territories. *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 509 (1991) (citation omitted).

---

[3] Notably, SRPMIC had no obligation to advise Plaintiff of the deficiencies in service, but did so in an effort to avoid filing this motion. *See Davis v. Mara*, 587 F. Supp. 2d 422, 428-29 (D. Conn. 2008). "A defendant moving to dismiss under Rule 12(b)(5) only has to satisfy the requirement that an objection to service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Id.* at 429 (internal alterations and quotations omitted).

"Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Id.*; *accord Kiowa Tribe v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."); *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 725 (9th Cir. 2008) ("Tribal sovereign immunity protects Indian tribes from suit absent express authorization by Congress or clear waiver by the tribe.") (citation omitted). "This immunity applies to the tribe's commercial as well as governmental activities. The settled law of our circuit is that tribal corporations acting as an arm of the tribe enjoy the same sovereign immunity granted to a tribe itself." *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013) (alterations and citation omitted); *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (holding that casino acted as an arm of Indian tribe, thus, it was entitled to tribal sovereign immunity barring former employee's claims).

"Federal courts have applied sovereign immunity to bar civil rights and tort claims against Indian tribes." *Phillips v. Salt River Police Dep't*, No. CV-13-798-PHX-LOA, 2013 WL 1797340, at *3 (D. Ariz. Apr. 29, 2013) (citing *NLRB v. Chapa De Indian Health Program, Inc.*, 316 F.3d 995, 1001 (9th Cir. 2003); *Dawavendewa v. Salt River Project Agric. Improvement Dist.*, 276 F.3d 1150, 1159 & n. 9 (9th Cir. 2002); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998); *Evans v. McKay*, 869 F.2d 1341 (9th Cir. 1989); *Saroli v. Agua Caliente Band of Cahuilla Indians*, 2010 WL 4788570 (S.D.Cal. Nov. 17, 2010); *Soto v. Quechan Tribally Designated Housing Entity*, 2010 WL 2650127 (D.Ariz. July 1, 2010) and others).

"In considering the jurisdiction questions, it should be remembered that it is a fundamental principle that federal courts are courts of limited jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

Hence, the Federal Rules of Civil Procedure mandate that the court dismiss a lawsuit if jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he issue of tribal sovereign immunity is jurisdictional in nature." *Pan Amer'n Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 418 (9th Cir. 1989) (citations omitted). "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998)).

> Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. . . No presumptive truthfulness attaches to plaintiff's allegations. Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.

*Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (internal alterations and citations omitted).

Plaintiff brought this action against SRPMIC, a federally-recognized Indian tribe that is presumptively entitled to sovereign immunity. *See* 74 Fed.Reg. 40218, 40221 (Aug. 11, 2009) (listing as SRPMIC on list of tribal entities recognized and eligible for services from the Bureau of Indian Affiars by viture of its status as an Indian tribes); *Longo v. Seminole Indian Casino-Immokalee*, 813 F.3d 1348, 1349 (11th Cir. 2016) ("A list published by the Bureau of Indian Affairs establishes that the Tribe is federally recognized.") Thus, SRPMIC is subject to suit only if has waived its immunity or Congress has authorized the suit. *Kiowa Tribe v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). In this case, Plaintiff has not alleged any facts to establish that SRPMIC expressly waived its sovereign immunity or that Congress authorized an exception for a suit against SRPMIC in federal court.

To the contrary, courts have found that Congress did not intend to subject tribes to private causes of action arising under Title III the ADA, the only federal cause of action asserted in the complaint.

> Given the complete absence in the ADA of any reference to the amenity of Indian tribes to suit, exhaustive analysis of the legislative history would be superfluous. We have studied the legislative history, however, and furthermore observe that a lengthy discussion of its relevance to the issue before us would be impossible. Quite simply, there is nothing to discuss: the committee reports and transcripts of the floor debates do not contain any information regarding the effect of the ADA on Indian tribes that is not found in the statute itself. This dearth of material on the matter supports our conclusion that Congress did not contemplate that Indian tribes would be subject to private lawsuits for violating Title III of the ADA.

*See Fla. Paraplegic, Ass'n, Inc. v. Miccosukee Tribe of Indians of Fla.*, 166 F.3d 1126, 1131-34 (11th Cir. 1999). The Supreme Court has "recognized that Congress could enact a statute with substantive limitations on Indian tribes without providing any means for most individuals protected by the law to enforce their rights in federal court." *Fla. Paraplegic, Ass'n*, 166 F.3d at 1134. Put simply, even if the Court concludes that Title III of the ADA governs SRPMIC in its operation of its casino and resort, which SRPMIC does not concede, the law does not support a private right of action.

Finally, because this Court should dismiss Plaintiff's ADA claims for lack of subject matter jurisdiction, the Court also must dismiss Plaintiff's accompanying state law claims. "[S]upplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (citing 28 U.S.C. § 1367). If this Court dismisses Plaintiff's only federal claim for lack of jurisdiction, it has no discretion and must dismiss her state law claims as well. *Id.* at 806. Accordingly, Plaintiff's claims for emotional distress and her demand for punitive damages also must be dismissed for lack of subject matter jurisdiction in conjunction with the dismissal of her ADA claims.

**V.  Conclusion**

For all of the above-stated reasons, Plaintiff's claims against SRPMIC should be dismissed for insufficient service of process, lack of personal jurisdiction, and lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(1), 12(b)(2), and 12(b)(5).

DATED this 28th day of August 2019.

                        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

                        By  s/ Caroline Larsen
                            Caroline Larsen
                            Justin B. Caresia
                            2415 E. Camelback Road, Suite 800
                            Phoenix, Arizona 85016
                            Attorneys for Defendant

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016